

**FILED**

AUG 2 0 2018

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RANDY ALLEN DENNISON, | Cause No. CV 17-101-M-DLC-JCL |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| MICHAEL FLETCHER, ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

On July 17, 2017, Petitioner Randy Allen Dennison filed an action under 28 U.S.C. § 2254.  Dennison is a state prisoner proceeding pro se.

Dennison challenges a judgment against him from the Eleventh Judicial District, Flathead County, on December 10, 2015, following a revocation of his 2005 felony Driving Under the Influence sentence.  (Doc. 1 at 2.)

## I.  Procedural History

The events leading up to the December 2015 judgment which Dennison challenges are somewhat convoluted, but important to understanding the claims Dennison raises in the instant petition.  The Montana Supreme Court summarized the procedural history as follows:

1

On May 18, 2000, Dennison pled guilty to burglary, a felony, and was sentenced to 15 years with the Department of Corrections (DOC) with 10 years suspended. That suspended sentence was revoked on May 26, 2005, for probation violations. On June 9, 2005, Dennison pled guilty to felony Driving Under the Influence (2005 DUI). On July 14, 2005, Dennison was sentenced to 10 years at Montana State Prison with 5 years suspended for the 1999 burglary, and 13 months with the DOC followed by 5 years suspended for the 2005 DUI. The District Court vacated the July 14, 2005, sentence, and on May 17, 2006, the District Court held a dispositional hearing for both the 1999 burglary and the 2005 DUI. On June 22, 2006, the District Court filed a written judgment sentencing Dennison to consecutive sentences of 10 years with the DOC with 5 years suspended for the 1999 burglary, and a 13-month DOC commitment followed by a 5-year suspended term for the 2005 DUI. On September 8, 2010, the State filed petitions to revoke both of Dennison's suspended sentences. On February 24, 2001, the District Court granted the State's motion to dismiss the petition to revoke Dennison's suspended sentence for his 2005 DUI because Dennison's sentences were to run consecutively, and his sentence for the 2005 DUI had not yet begun.

On May 5, 2011, the District Court held a revocation hearing on Dennison's suspended sentence for the 1999 burglary, at which Dennison admitted to violating conditions of his suspended sentence. The District Court revoked the suspended sentence and sentenced Dennison to a 5-year commitment to the DOC. In the judgment and sentence dated June 6, 2011, Dennison was granted 234 days credit for time served pending the revocation of his suspended sentence, from September 14, 2010 to May 5, 2011, but denied credit for time served on probation.

Dennison filed a Petition for Amended Judgment, Request for Credit Time Served dated August 26, 2013. Dennison argued to the District Court that he should receive credit for time served while he was on probation for his 1999 burglary and credit for time served for his 2005 DUI. On January 28, 2014, the District Court denied Dennison's petition, citing the June 6, 2011 judgment which expressly denied Dennison credit for time served while on probation. The January 28, 2014 order did not specifically address Dennison's 2005 DUI.

2

*State v. Dennison*, 2015 MT 49N, ⁋⁋3-5, (Mont. Feb. 17, 2015).

Dennison appealed from the January 2014 order, arguing he should have been credited for time served while on probation for the burglary, as well as credited for time in custody against the DUI sentence. *Id.* at ⁋6. The Court determined Dennison was not entitled to time served on the 2005 DUI offense because that sentence was not revoked. *Id.* at ⁋8. Because the district court had granted the State's motion to dismiss the petition to revoke the DUI sentence, thus the May 2011 revocation hearing dealt solely with the 1999 burglary conviction. *Id.* And because the 234 days Dennison spent incarcerated pending the revocation hearing were properly credited toward his 1999 burglary sentence, the court concluded he was not entitled to credit for the same time against his 2005 DUI conviction. *Id.*

On September 12, 2015, Dennison began serving his suspended time on the 2005 DUI sentence. (Doc. 14-3 at 4.) On October 8, 2015, the Flathead County Attorney's Office filed a Petition for Revocation of Dennison's suspended sentence. (Doc. 14-2.) A hearing was held on November 19, 2015, during which Dennison, appearing pro se, admitted to two of the violations but denied the remainder. *See e.g.*, (Doc. 14-7 at 18-19; 20-22.) The district court determined Dennison was in violation of the probationary terms of his sentence and revoked his sentence. *See generally*, (Docs. 14-4; 14-7 at 23-24.) A dispositional hearing

3

was scheduled for December 3, 2015.[1]

During the scheduled hearing, the parties could not agree on the amount of credit for time served or on a recommended disposition. *See generally,* (Doc. 14-8.) The hearing was continued for one week. (Docs. 14-5; 14-8.) At the disposition hearing, Dennison was committed to the Department of Corrections for five years and the parties were informed the Court would calculate the amount of credit for time served due to Dennison and include it in the written judgment. (Doc. 14-9 at 32-33.) The judgment credited Dennison for 61 days served in custody pending the final disposition of the revocation and also noted that Dennison had previously received credit for 442 days from March 2, 2005 to May 17, 2006. (Doc. 14-10 at 2.)

Dennison filed a petition for habeas corpus relief in the Montana Supreme Court. *Dennison v. State*, OP 16-0020, Pet. (filed Jan. 11, 2016).[2] Dennison argued he was entitled to credit for time he spent on probation for the preceding decade. Dennison apparently based this argument on his belief that the Court's 2008 decision which purportedly acknowledged Dennison's 1999 and 2005 conditions were combined and the suspension of each was revoked in 2005. *Id.* at 4-10. Dennison also advanced a double jeopardy claim and argued that the trial

---

[1] Dennison requested the dispositional hearing be set on December 3, 2015, rather than December 10th, because he preferred a final resolution "the sooner the better." (Doc. 14-7 at 24.)

[2] All state court briefing and opinions available at: https://supremecourtdocket.mt.gov/ (accessed August 13, 2018).

court had mishandled his revocation. *Id.* at 11-16.  Additionally, Dennison claimed

the district court violated various judicial standards, as well as his constitutional

rights, during the revocation proceedings.  *Id.* at 17- 28.

In denying Dennison's petition, the Montana Supreme Court determined

Dennison was mistaken in his arguments and specifically that he was "not entitled

to any more time served in any capacity since 2005." *Dennison v. State*, OP 16-

0020, Or. at 2 (Mont. Jan. 19, 2016).  The Court again reiterated that Dennison was

not entitled to credit against his DUI sentence because it was not, in fact, revoked

in 2011 and that the 2011 revocation dealt solely with the 1999 burglary charge.

*Id.* at 2-3.  The Court noted that the 234 days with which Dennison took issue were

properly credited against Dennison's 1999 Burglary sentence. *Id.* at 3.

Additionally, the Court determined Dennison's other claims were lacking in

merit because he had previously waived all constitutional challenges when he pled

guilty to the offenses in 2000 and 2005, respectively.  *Id.* at 3.  The Court also

concluded habeas was not the proper vehicle to challenge any alleged mishandling

of his case by the trial court.  *Id.* at 4.

Dennison also filed a direct appeal from the December 2015 order of

revocation, raising 30 separate issues.  The Montana Supreme Court noted that

Dennison did not contend that the revocation of the suspended DUI sentence itself

was illegal or improper, but that Dennison continued to question the denial of

credit for time served. *State v. Dennison*, 2017 MT 87N, Or. at 2 (Mont. April 11, 2017). The Court, citing prior orders, stated that it had clearly concluded Dennison "is not entitled to any more time served in any capacity since 2005." *Id.*, *citing Dennison v. State*, No. OP 16-0020, Or. (Mont. Jan. 19, 2016); *State v. Dennison*, 2008 MT 344, 346 Mont. 295, 194 P. 3d 704. The court stated it would not decide issues that had previously been decided in the past and flatly rejected Dennison's contention that MCA §46-18-403, Montana's statute dealing with credit for time served, was unconstitutional. *Id.* at 2-3.

The Court determined relative to the claims against the district court, including alleged clerical errors in the revocation order, a purported abuse of discretion by appointing stand-by counsel for Dennison during the revocation proceedings, and abuse of discretion by not providing Dennison with requested copies of various documents, that Dennison had failed to establish his substantial rights were affected. Accordingly, Dennison was denied relief. *Id.* at 3.

Dennison claimed that he actually had discharged his 2005 DUI sentence prior to the 2015 revocation proceedings. But the court held it "was clear" that the burglary and DUI sentences ran consecutively to one another, therefore, Dennison did not discharge the DUI sentence prior to the 2015 revocation. The district court properly sentenced Dennison, properly imposed conditions upon him, and properly revoked the suspended sentence. *Id.* at 3, *citing Dennison v. Law*, No. OP 09-

0432, 2009 Mont. LEXIS 726 (Sept. 29, 2009).  The Court rejected any additional claims as waived, unsupported, or previously decided.

## II.    Dennison's Claims

Dennison alleges: (1) Mont. Code Ann. §46-18-403 is unconstitutional and violates of the Fifth and Fourteenth Amendments (Doc. 1 at 5-11); (1B) The 11th Judicial District Court violated the Fifth and Fourteenth Amendments and Montana Constitution Article 2, Sec. 17  (*id*. at 11); (2) The trial court judgment is illegal because it does not contain credit for time served that was granted in the Court's oral pronouncement of sentence on December 10, 2015, in violation of Dennison's right to due process (*id*. at 12); (3) the district court's order of January 14, 2016, is illegal because it does not contain credits for time served on a bailable offense, where a judgment of imprisonment has been imposed in violation of Dennison's right to due process (*id*. at 12-13); (4) the district court entered an illegal order dismissing the State's petition to revoke on the DUI case on February 25, 2011, thus denying Dennison jail credit, in violation of his right to due process (*id*. at 14-15); (5) the district court violated Montana law and the Judicial Code by ignoring Dennison's repeated requests for file copies and full discovery in violation of Dennison's right to due process (*id*. at 15-16); (6) the district court violated Dennison's right to due process by denying him the opportunity to present evidence on his own behalf , including mitigation evidence (*id*. at 17-20); (7) the

7

written judgment of January 14, 2016, is illegal by imposing conditions of parole (*id.* at 21); (8) the written judgment is illegal because it grants only 61 days served in custody, but Dennison should be granted time served from September 23, 2015, to December 10, 2015 (*id.* at 21); (9) the district court violated Dennison's right to due process by using probation violations against him when he had never been found guilty of said violations (*id.* at 22); (10) Probation Officer McKee arrested Dennison without probable cause or reasonable suspicion, in violation of the Fourteenth Amendment, Fourth Amendment, and the Montana Constitution (*id.* at 23-25); and, (11) The Flathead County Attorney retaliated against Dennison because he had successfully petitioned both the district court and the Montana Supreme Court; this retaliation violated Dennison's First and Fourteenth Amendment rights and attempted to strip him of his right to appeal (*id.* at 26-27).

### III.   Analysis

### A. Deferential Review under AEDPA

To be eligible for federal habeas corpus relief, a state prisoner must establish that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Additionally, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to Dennison's petition because it was filed after 1996. AEDPA substantially limits the power of federal courts to grant habeas relief to state prisoners. *Hurles v. Ryan*, 725 F. 3d 768, 777

(9th Cir. 2014).  Under AEDPA, a federal court may not grant a prisoner's petition on a claim that was decided on the merits in state court, unless the state court's adjudication of the claim:

1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

" '[C]learly established Federal law'… is the governing legal principle or principles set forth by the Supreme Court [in its holdings] at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-71 (2003).  A state court's decision is contrary to clearly established federal law "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor,* 529 U.S. 362, 405-06 (2000). A state court's factual findings are unreasonable if "reasonable minds reviewing the record" could not agree with them. *Brumfield v. Cain*, __ U.S. __, 135 S. Ct. 2269, 2277 (2015)(citations omitted).

"For relief to be granted, a state court merits ruling must be so lacking in

justification that there was an error…beyond any possibility for fair minded disagreement." *Bemore v. Chappell*, 788 F. 3d 1151, 1160 (9th Cir. 2015). "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' …and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010). The standard is " 'difficult to meet,'" and a "petitioner carries the burden of proof." *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011).

If a state court decision fails to supply a basis for its reasoning, a court's duty under AEDPA does not disappear. See, *Harrington v. Richter*, 562 U.S. 86, 99 (2011)(presuming a state court's unexplained denial of prisoner's habeas petition constituted an adjudication on the merits); *Johnson v. Williams*,133 S. Ct. 1088, 1096 (2013)(applying the *Richter* presumption to a state-court decision that addressed some, but not all of a defendant's federal claims). Thus, the burden rests with Dennison to show that there was no reasonable basis for the Montana Supreme Court to deny him relief. *Richter*, 131 S. Ct. 1t 784. "[W]hen the state court does not supply reasoning for its decision, we are instructed to engage in an independent review of the record and ascertain whether the state court's decision was objectively unreasonable." *Murray v. Schriro*, 745 F.3d 984, 996 (9th Cir. 2014)(citations omitted).

### i.    Claims challenging the denial of credit for time served on 2010 revocation- Claims 1, 1B, 3, and 4

Claims 1, 1B, 3, and 4 all advance the general proposition that the district court and the Montana Supreme Court erred by not granting Dennison credit for 234 days of time served while he was incarcerated on a petition to revoke his 2005 DUI sentence from September 14, 2010 to May 5, 2011. As set forth above, the petition to revoke the DUI sentence was dismissed because it had been filed prematurely; Dennison had not yet begun serving the suspended sentence. Dennison was credited with the 234 days on his burglary charge, which he was actively serving at the time of the revocation.

As a preliminary matter, were the Court to accept Dennison's argument that he should be credited for the time he served while incarcerated on the revocation of his DUI sentence filed in 2010, he would not be entitled to 234 days credit, but rather to 165 days credit. While Dennison was held on a warrant in both the matters beginning September 14, 2010, the petition to revoke Dennison's 2005 DUI sentence was dismissed upon motion of the State on February 25, 2011. (Doc. 1 at 5.)[3] Thus, in Dennison's best case scenario, he would potentially be eligible for the 165 days he served while the DUI revocation was pending, but not 234 days.

But the Montana Supreme Court has consistently and repeatedly held, under

---

[3] *See also, State v. Dennison*, DA 14-1043, Br. Appellee at 11-12 (filed August 12, 2014).

state law, that Dennison is not entitled to any credit for this time against his 2005

DUI sentence relative to the 2010 revocation.[4] Here, Dennison challenges the

application of state sentencing laws and procedures, but such claims do not give

rise to a federal question cognizable on federal habeas review. *Strum v. California*

*Youth Authority*, 395 F. 2d 446, 448 (9th Cir. 1967) ("a state court's interpretation

of its [sentencing] statute does not raise a federal question").  Federal habeas

corpus relief does not lie for errors of state law, *Lewis v. Jeffers*, 497 U.S. 764, 780

(1990), and it is not the policy of the federal courts to re-examine state court

determinations of state law questions. *Estelle v. McGuire*, 502 U.S. 62, 67-8

(1991).  Furthermore, Dennison cannot convert his state law claims into federal

claims simply by referencing purported due process violations.  See, *Langford v.*

*Day*, 110 F. 3d 1380, 1389 (9th Cir. 1997) (a petitioner may not "transform a state-

law issue into a federal one merely by asserting a violation of due process").  Thus,

the claims are not cognizable in federal habeas.

Moreover, Dennison has failed to establish that the Montana Supreme

Court's denial of the credit for time served against his 2005 DUI sentence was

contrary to, or an unreasonable application of clearly established Supreme Court

---

[4] *See, State v. Dennison*, 2008 MT 344, 346 Mont. 295, 194 P. 3d 704; *Dennison v. Law*, No. OP 09-0432, Or. (Sept. 29, 2009); *State v. Dennison*, 2015 MT 49N, Or. (Mont. Feb. 17, 2015); *Dennison v. State*, OP 16-0020, Or. (Mont. Jan. 19, 2016); *State v. Dennison*, 2017 MT 87N, Or. (Mont. April 11, 2017).

law.  Or, to put it another way, Dennison has not shown to there was no reasonable basis for the Montana Supreme Court to deny him relief.  Thus, Dennison cannot meet his burden under § 2254(d).  Accordingly, this Court must afford deference to the Montana Supreme Court decision.  These claims should be denied.

### ii.    Claims challenging clerical errors purportedly contained in district court's January 14, 2016 order- Claims 2, 7, and 8

Dennison alleges the order entered following his 2015 revocation proceedings was illegal because: it did not contain credit for time served that the district court purportedly pronounced in open court on December 10, 2015, (claim 2), it improperly imposed conditions of parole (claim 7), and it granted only 61 days of credit for time served but should have granted Dennison credit for 78 days (claim 8).  The Montana Supreme Court denied these claims because Dennison failed to demonstrate that "any of the errors affected his substantial rights." *State v. Dennison*, 2017 MT 87N, ⁋ 5.

Again, Dennison provides no analysis of the manner in which he believes the Montana Supreme Court erred in applying federal law.  He simply asserts a general violation of due process.  During Dennison's dispositional hearing, there was an ongoing and ultimately unsettled dispute about how many days credit for time served Dennison should be awarded.  At the conclusion of the hearing the parties were advised that once the written judgment was entered, they would have 120 days to notify the court if there was disagreement with the court's calculation

of the awarded credit.  (Doc. 14-9 at 32-33); *see also* Mont. Code Ann. § 46-18-116(2).[5]  Thus, Dennison was advised of the proper avenue, under state law, for which he could challenge or seek to correct potential error the revocation judgment.

Dennison's conclusory assertions of due process violations at this juncture cannot convert these state law issues into cognizable federal claims.  *Langford*, 110 F. 3d at 1389; *Poland v. Stewart*, 169 F. 3d 573, 584 (9th Cir. 1999).  The claims should be denied and the decision of the Montana Supreme Court should be afforded deference.

### iii.    Claims 5 and 6- acts by the district court

Dennison alleges the district court violated Montana law, the Judicial Code, and his right to due process during the 2015 revocation proceedings by ignoring his repeated requests for file copies and full discovery and denying him the opportunity to present evidence on his own behalf.  (Claims 5 and 6, respectively).  Dennison also advanced these claims, and others, in a complaint filed with the Montana Judicial Standards Commission.

Claim 5 was raised by Dennison on direct appeal; the Montana Supreme Court denied the claim and held that Dennison failed to establish the lack of copies

---

[5] This statue provides either party in a criminal case may request modification of a written judgment within 120 days of filing.

affected his substantial rights. *State v. Dennison*, 2017 MT 87N, ¶ 5. Dennison also raised both claims in his habeas petition.[6] In its order denying Dennison habeas relief, the Montana Supreme Court did not address either claim directly, but held, "[r]egarding Dennison's claims of the District Court's improper handling of his matters, we are unable to consider these allegations in a petition for habeas corpus relief." *Dennison v. State*, OP 16-0020, Or. at 4.

Dennison claims that he needed the full files and discovery in order to calculate the credit he was due for time served. (Doc. 1 at 15.) Dennison also claims not having these materials hindered his right to present a defense. *Id.* at 16. But, Dennison requested these files after his sentence had been revoked following his admission to two of the violations lodged against him. While Dennison certainly disagreed with the district court's calculation of time served and made his objections known at the time of disposition, he was given an opportunity to present argument on his own behalf at the hearing. (Doc. 14-9 at 18-20; 21-22; 25-27.)

To the extent that Dennison is attempting to argue that his right to due process was violated due to bias of the district court, "[t]he Due Process Clause of the Fourteenth Amendment establishes a constitutional floor, not a uniform standard" for a claim of judicial bias. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). This floor requires "a fair trial in a fair tribunal before a judge with no actual bias

---

[6] *See Dennison v. Rummel*, OP 16-0020, Writ at 11, 13-25 (filed Jan. 11, 2016).

against the defendant or interest in the outcome of his particular case." *Id.* at 904-5. Dennison admitted to violating two of the terms of his probation. The district court revoked his sentence based upon the admissions. Dennison's allegations, that he was denied full access to the court's files and was prevented from presenting evidence on his own behalf is unavailing. Dennison has not demonstrated that the district court was biased against him or that he received an unfair hearing.

To the extent that Dennison seeks to appeal the decisions of the Montana Judicial Standards Commission or the Montana Supreme Court, as he has previously been advised, he cannot do so in this Court. *See Dennison v. State, et. al.*, CV-16-57-H-DLC, Find. and Rec. at 5-6 (filed May 19, 2017); *see also Dennison v. State, et. al.*, CV-16-57-H-DLC, Or. at 2-3 (D. Mont. Aug. 30, 2018) (dismissing Dennison's 42 U.S.C. § 1983 complaint). Federal district courts do not have appellate jurisdiction over state court judgments. *See* 28 U.S.C. § 1257; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 283 (2005). Likewise, as courts of original jurisdiction, federal district courts lack jurisdiction to review the final determinations of a state court in judicial proceedings. *D.C. Ct. of App. V. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923).

The Montana Supreme Court reasonably denied these claims and their

decision should be afforded deference.

### iv.    Claims 10 and 11

Dennison alleges he was arrested by his probation officer in 2015 without probable cause or reasonable suspicion and that the Flathead County Attorney retaliated against him based upon Dennison's prior legal victories before both the district court and Montana Supreme Court, in an attempt to strip Dennison of his appellate rights. (Claims 10 and 11, respectively).  Dennison raised both of these issues in his direct appeal following his revocation proceedings.[7]  In its order denying Dennison relief, the Montana Supreme Court did not directly address either of these claims.  It stated, relative to all of the claims not specifically addressed, "[w]e reject any other issues raised in this appeal as unsupported, waived, or previously decided."  *State v. Dennison*, 2017 MT 87N, ¶ 7.

In relation to his Fourth Amendment Claim regarding his purported arrest without probable cause or reasonable suspicion, despite the fact that the Montana Supreme Court declined to address the merits, the claim fails as a matter of law. "[W]here the State has provided an opportunity for a full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence [was] obtained in an unconstitutional search or seizure..." *Stone v. Powell*, 428 U.S. 465, 494 (1976).  "The relevant

---

[7] *See State v. Dennison*, DA 16-0036, Appellant's Br. 14-15; 16-17 (issues 25 and 28)(filed Oct. 3, 2016).

inquiry is whether petitioner had the opportunity to litigate his claim, not whether the claim was correctly decided." *Ortiz-Sandoval v. Gomez*, 81 F. 3d 891, 899 (9th Cir. 1996). While Dennison may disagree with the decision rendered on this claim, he does not allege that he was denied the opportunity to raise the claim. Accordingly, the claim fails under *Stone v. Powell*. Thus, the Montana Supreme Court's denial of Dennison's claim was reasonable.

In relation to the claim that County Attorney Corrigan retaliated against Dennison, this conclusory claim is wholly lacking in merit. While it is true that during the hearing on December 3, 2015, Corrigan initially suggested a resolution that called for Dennison be committed to the Department of Corrections for three years with a recommendation for placement under the Intensive Supervision Program, (Doc. 14-8 at 8-9), the parties ultimately could not agree on the appropriate terms and conditions of the revocation sentence or on the amount of credit Dennison was due for time served. *Id.* at 10-17. Dennison also expressed his desire to maintain his appellate rights. *Id.* at 21. The dispositional hearing was continued for 1 week.

At the December 10, 2015, hearing, the County Attorney recommended Dennison be committed to the Department of Corrections for five years, that he be denied credit for time served on probation, but that he be granted credit for time served in custody relative to the 2005 DUI. (Doc. 14-9 at 15:1-10.) Dennison was

18

allowed to make his own recommendation, *id.* at 18-20; 21-22, and Dennison

discussed the nature of the violations to which he admitted and an appointment he

had apparently missed. *Id.* at 25-27.

The sentence recommended by the County Attorney was within the legal

parameters under state law. And as set forth at length throughout this Order,

Dennison was not, in fact, stripped of any appellate rights. To the contrary, he was

allowed to file a state habeas petition, a direct appeal, and a complaint with the

Montana Judicial Standards Commission. Thus, there was nothing unreasonable

about the Montana Supreme Court's denial of this claim. Both claims 10 and 11

should be denied.

### B. Procedural Default/De Novo Review- Claim 9

State prisoners seeking a writ of habeas corpus from a federal court must

first exhaust their remedies in state court. 28 U.S.C. § 2254(b)(1)(A). A petitioner

has exhausted his federal claim when he has fully and fairly presented it to the state

courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)("Section 2254(c)

requires only that the state prisoners give state courts a fair opportunity to act on

their claims."). "[F]or purposes of exhausting state remedies, a claim for relief in

habeas corpus must include reference to a specific federal constitutional guarantee,

as well as a statement of the facts that entitled the petitioner to relief." *Gray v.

Netherland*, 518 U.S. 152, 162-63 (1996); *Davis v. Silva*, 511 F. 3d 1005, 1009 (9th

Cir. 2008). A claim that has not been fairly presented may also be deemed technically exhausted if the petitioner has defaulted on the claim in state court and no longer has a remedy in that court. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). Due to a state court default, a federal court may be procedurally barred from reviewing the claim. *Id*. at 750.

Dennison did not raise claim 9 in either his habeas petition or direct appeal. Thus, the claim now is procedurally defaulted. The Montana Supreme Court never had the opportunity to determine whether or not the trial court violated Dennison's right to due process by purportedly using probation violations of which he had never been found guilty against him at his 2015 dispositional hearing. Because a federal habeas court generally will not hear claims that have never been fairly presented in state court, this claim should be dismissed as procedurally defaulted.

Setting aside the issue of default, the claim also lacks merit. Dennison entered admissions to violating the conditions of his probation by drinking alcohol (Doc. 14-7 at 18-19) and using drugs. *Id*. at 20-21. Dennison now claims the district court erred by also considering the allegation that he had moved from his residence without permission and had missed a chemical dependency appointment.

At the dispositional hearing the district court advised Dennison that it would consider only the violations to which Dennison admitted. (Doc. 14-9 at 25: 18-24.) It was actually Dennison who initially brought up missing an appointment. (Doc.

14-9 at 24: 2-9.)  Dennison went on to explain the nature of the missed

appointment in greater detail and his overall recommendation for disposition.  *Id.*

at 25-27; 28-30.  There is no indication in the record that the Court considered the

allegation that Dennison changed his residence in fashioning its sentence.  While

Dennison did not admit to missing an appointment during his revocation hearing,

he acknowledged and discussed a missed appointment at length during the

dispositional hearing.  Despite Dennison's characterization of this claim as a due

process violation, he has not adequately alleged a federal constitutional violation

and the Court cannot perceive a constitutional basis for the claim.  The claim

should be denied as both procedurally defaulted and lacking in merit.

### IV.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant."  Rule 11(a), Rules Governing § 2254

Proceedings.  A COA should issue as to those claims on which the petitioner

makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. §

2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the

district court's resolution of [the] constitutional claims" or "conclude the issues

presented are adequate to deserve encouragement to proceed further."  *Miller-El v.*

*Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484

(2000)).

Dennison has not made a substantial showing that he was deprived of a constitutional right. Ten of his claims do not survive deferential review under 28 U.S.C. §2254(d). The remaining claim, Claim 9, is procedurally defaulted and meritless. Thus, Dennison's petition should be denied. There are no close questions and there is no reason to encourage further proceedings. A certificate of appealability should be denied.

## RECOMMENDATION

1. Dennison's Petition (Doc. 1) should be DENIED. Claims 1-8 and 10-11 do not survive deferential review under AEDPA. Claim 9 is procedurally defaulted and lacks merit.

2. The Clerk of Court should be directed to enter a judgment in favor of the Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Dennison may object to this Findings and Recommendation within 14 days.[8] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de

---

[8] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Dennison is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Dennison must immediately notify the Court of any change in his mailing address.</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 20th day of August, 2018.

<u>/s/ Jeremiah C. Lynch</u>
Jeremiah C. Lynch
United States Magistrate Judge